

Attorneys at Law

David W. Garland
t  212.351.4708
f  212.878.8600
DGarland@ebglaw.com

September 4, 2025

<u>VIA ECF</u>

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Marsh & McLennan Agency LLC v. Alliant Insurance Services, Inc., Andrew Oldenburg, Elizabeth McKinney, Kimberly Moore, and Danielle Black*, Case No. 25-cv-06936

Dear Judge Abrams:

      We represent Plaintiff Marsh & McLennan Agency LLC ("MMA") in the above-captioned action. Pursuant to the Court's September 3, 2025 Order (ECF No. 22), the parties respectfully submit this joint letter addressing whether, in addition to oral argument, an evidentiary hearing is warranted on Plaintiff's application for a temporary restraining order ("TRO"), preliminary injunction ("PI"), and expedited discovery. The parties' respective positions are set forth below.

      **Plaintiff's Position**

      MMA respectfully submits that it has provided competent sworn evidence in support of its application for a TRO and PI (*see e.g.*., ECF No. 17), which is sufficient for this Court to grant both a TRO and a PI without requiring an evidentiary hearing with live witness testimony.

      Rule 65(b) authorizes a court to issue a TRO without notice to the adverse party, based on a verified complaint or affidavit (or declaration under 28 U.S.C. § 1746) setting forth specific facts showing immediate and irreparable harm. Fed. R. Civ. P. 65(b)(1). There is no requirement of live witness testimony for a TRO; it may issue *ex parte* on sworn papers alone. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). While a PI, by contrast, requires notice, the Second Circuit has long held that "[t]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *Md. Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997). A hearing with live witnesses is unnecessary "when

Hon. Ronnie Abrams
September 4, 2025
Page 2

the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case, or when the disputed facts are amenable to complete resolution on a paper record." *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998); *accord St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 108 (2d Cir. 2025).

MMA's sworn declarations are more than sufficient to warrant a TRO, and equally sufficient to support a PI. This case is virtually identical to *Marsh & McLennan Agency, LLC v. Alliant Ins. Servs., Inc.*, No. 1:24-CV-9914-MKV, 2025 WL 304500 (S.D.N.Y. Jan. 27, 2025) (*"Osborne"*), where Judge Vyskocil granted both a TRO and, two weeks later, a PI on the basis of MMA's declaration and oral argument—without any separate hearing with live witnesses. *Id.* at *2, *10. When defendants later argued that due process required such a hearing, Judge Vyskocil rejected the argument, holding that "there is no authority in this Circuit" requiring "a second hearing" before issuing a PI, or, indeed, any evidentiary hearing at all "if there's a fulsome record." *Osborne*, ECF No. 54, Order, at p. 1 (Apr. 21, 2025); *Osborne*, ECF No. 50, Tr., at 8:8-11 (Apr. 14, 2025).

The facts here mirror *Osborne*: once again, Alliant induced a producer with a multi-million dollar book of business, subject to restrictive covenants, to resign abruptly on a Monday morning, along with his entire client service team; once again, clients began moving immediately, confirming that the client solicitation campaign began pre-resignation; and once again, MMA has received emails inadvertently sent to the individual defendants' old MMA accounts showing they solicited restricted MMA clients and are servicing them at Alliant. On virtually the same record, Judge Vyskocil entered both a TRO and PI in *Osborne*. There is no reason for a different result here.

If, however, the Court were to find that additional factual development is necessary here before entering a PI, MMA should, at a minimum be granted a TRO to freeze the status quo, as in *Osborne*, and expedited discovery to develop the record. Alliant has a documented history of concealing evidence and submitting misleading declarations in restrictive covenant cases. In *Mt. W. Series of Lockton Cos., LLC v. Alliant Insurance Services, Inc.*, 2019 WL 2536104, at *15 n.16 (Del. Ch. June 20, 2019), for example, the court found that early Alliant declarations "were difficult to stomach" when discovery later revealed their "averments [to be]…untrue." *See also id.* at *18, *22 (describing Alliant's "credibility-impairing pattern of behavior, which included the production of contemporaneous documents that contradicted the Alliant witnesses' original affidavits, the submission of a second round of affidavits that conflict[ed] with the first and offer[ed] questionable explanations of the evidence, and apparent efforts by counsel to conceal evidence," and further noting Alliant's "willingness and ability to mask their activities under a façade of compliance measures and through misleading representations and averments," which impaired the plaintiff's ability to "detect Alliant's breaches and prove them to the court"). That pattern is part of Alliant's playbook: deny and conceal until discovery forces the truth into the open. MMA should not be prejudiced by that tactic.

Hon. Ronnie Abrams
September 4, 2025
Page 3

At this stage, it is impossible to know whether the factual record developed through expedited discovery will present facts that are undisputed, clearly demonstrated, or amenable to resolution on a paper record, or whether a live evidentiary hearing would eventually be appropriate. That determination can only be made after the record is supplemented. *Charette*, 159 F.3d at 755. For now, the clear course is to grant MMA's application for a TRO and PI, as in *Osborne*, or at a minimum to grant a TRO immediately and order expedited discovery to allow MMA to further substantiate its application for a PI.

**Defendants' Position**

Defendants' counsel received "Plaintiffs' Position" at approximately 5:00pm Eastern Time today, Thursday, September 4th. In order to meet the court-ordered deadline that the parties submit a letter today regarding whether an evidentiary hearing is warranted, Alliant and the other defendants will simply deny MMA's characterizations of "facts" in other proceedings, or of any pattern or playbook. It is the facts in this proceeding that are relevant.

Defendants' position is that the Court may decide plaintiff's application for a TRO and/or a preliminary injunction on the full paper record (including declarations and memoranda of law submitted by defendants) and oral argument. On a motion for a preliminary injunction, "[a]n evidentiary hearing is not required ... when the disputed facts are amenable to complete resolution on a paper record" or the parties "waive [their] right to an evidentiary hearing." *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998). In the *Osborne* case cited above, *no declarations* were submitted by defendants and *both sides* anticipated that there *would* be an evidentiary hearing and told the Court so. It was not to be.

In the event there are *material disputed* facts upon the full paper record, the Court may desire further evidence regarding those circumscribed matters. However, the burden and expense of expedited discovery and an evidentiary hearing, particularly with almost all witnesses on the West Coast, should be avoided if possible.

Respectfully submitted,

*/s/ David W. Garland*
David W. Garland

cc: All counsel of record (via ECF)