UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARSH & McLENNAN AGENCY LLC,

       Plaintiff,

v.

ALLIANT INSURANCE SERVICES, INC.,
ANDREW OLDENBURG, ELIZABETH
McKINNEY, KIMBERLY MOORE, and
DANIELLE BLACK,

       Defendants.

No. 25-CV-6936 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

  On August 21, 2025, Plaintiff commenced this action against Defendants Alliant Insurance Services, Inc., Andrew Oldenburg, Elizabeth McKinney, Kimberly Moore, and Danielle Black. Dkt. No. 1. Approximately one week later, on August 29, 2025, Plaintiffs filed an Application For an Order to Show Cause for a Temporary Restraining Order, Preliminary Injunction, And Expedited Discovery (the "Application") against Defendants. Dkt. No. 16. At their request, the Court granted both parties an opportunity to submit additional briefing and set a hearing date following the submission of such briefing. Dkt. Nos. 22, 33. In their opposition, Defendants argued in part that—because Oldenburg had filed suit in July 2025 against Plaintiff in Oregon to invalidate the restrictive covenants at issue in this action—the "first-filed rule" rule applies, and this Court should therefore "abstain[]" from ruling on the Application. Dkt. No. 25, at 10; *see Oldenburg v. Marsh & McLennan Agency LLC*, No. 25-CV-40606 (Or. Cir. Ct. Multnomah Cnty. July 14, 2025).

  "[W]here there are two competing lawsuits," this Circuit applies the so-called "first-filed rule." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008) (citation

omitted). As a "general rule in this Circuit" and "as a principle of sound judicial administration," the rule instructs that "the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) (internal citations and quotation marks omitted).

Plaintiff does not dispute that the two cases concern substantially the same subject matter—principally, the enforceability of certain restrictive covenants. But while Plaintiff admits this action was the second filed, it nonetheless argues that special circumstances warrant giving this case priority. Dkt. No. 39, at 5–6.

Before deciding whether the first-filed rule applies, "there is an antecedent question: *which court* should decide where the case should proceed?" *Berkley Assurance Co. v. MacDonald-Miller Facility Sols., Inc.*, No. 19-CV-7627 (JPO), 2019 WL 6841419, at *3 (S.D.N.Y. Dec. 16, 2019). In light of the motion to dismiss or transfer venue pending in the Oregon action, *Oldenburg v. Marsh & McLennan Agency LLC*, 3:25-cv-1459 (D. Or. 2025), Dkt. No. 7, this question is not an academic one. Indeed, "it is not beyond the realm of possibility that each court could issue simultaneous rulings that would conflict with one another." *Pem Am., Inc. v. Lambert*, No. 03-CV-3706, 2003 WL 22383369, at *2 (S.D.N.Y. Oct. 17, 2003). In such circumstances—although the Circuit has advised that "[t]his approach is not mandatory"—"[g]enerally, the court with the first-filed action determines which forum will hear the case." *7thonline, Inc. v. Colony Brands, Inc.*, No. 25-CV-2418 (GHW), 2025 WL 2172514, at *3 (S.D.N.Y. July 31, 2025). Indeed, several courts in this district have described this practice as "a bright-line rule," *MSK Ins., Ltd. v. Emp'rs Reinsurance Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002) (staying action pending out-of-district court's determination of which action should proceed), to be applied without exception, *see Berkley Assurance Co.*, 2019 WL 6841419, at *3; *Pem Am., Inc.*, 2003 WL 22383369, at *2.

No later than September 17, 2025 at 2:00 p.m., the parties shall each file a letter setting forth their arguments, with supporting citations, as to whether this action should be stayed pending the Oregon court's determination of which action should proceed. The parties may file responses no later than September 18, 2025 at 2:00 p.m. The September 17, 2025 hearing is hereby adjourned to September 19, 2025 at 2:00 p.m.

SO ORDERED.

Dated:   September 15, 2025
         New York, New York

Ronnie Abrams
United States District Judge