# Morgan Lewis

**Timothy J. Stephens**
Partner
+1.212.309.6805
timothy.stephens@morganlewis.com

September 17, 2025

**VIA ECF**

The Honorable Ronnie Abrams
United States District Court, Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:   *Marsh & McLennan Agency LLC v. Alliant Insurance Services, Inc. et al.*,
      No. 1:25-CV-06936

Dear Judge Abrams:

Defendants respectfully submit this letter pursuant to the Court's September 15, 2025 Order [Dkt. #40] in the above-captioned action. Defendants outline below their position that this action should be stayed in deference to the substantially similar first-filed action of *Oldenburg v. Marsh & McLennan Agency LLC*, No. 3:25-CV-01459 (D. Or. 2025) (the "Oregon Proceeding") pending the Oregon District Court's determination on which of the two actions should proceed. A motion to dismiss or transfer venue of the Oregon Proceeding is already pending before the Oregon District Court, which has been opposed.

This action and the first-filed Oregon Proceeding are predicated on the same fundamental question: the enforceability of certain restrictive covenants in Oldenburg's Non-Solicitation and Confidentiality Agreement and Acknowledgment and Restrictive Covenant Agreement with Marsh & McLennan Agency LLC ("MMA" or "Plaintiff") (together, the "Restrictive Covenant Agreements"). Consequently, this action is ripe for abstention under the first-filed rule, which aims to prevent the waste of judicial resources and the risk of conflicting judgments by staying or dismissing actions that concern substantially similar issues as those of an earlier-filed action. As noted by the Court, MMA does not contest that the Oregon Proceeding is the first-filed action, nor that the Oregon Proceeding and this action concern substantially the same issues. Dkt. #40, at 2. Instead, MMA argues that special circumstances warrant an exception from the first-filed rule. Dkt. #39, at 5-6.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060          T +1.212.309.6000
United States                     F +1.212.309.6001

The Honorable Ronnie Abrams
September 17, 2025
Page 2

While Plaintiff's alleged special circumstances may be relevant under a first-filed rule analysis, they are irrelevant to the antecedent issue of which court—this Court or the Oregon District Court—should decide where this case is heard. Precedent in this District states that the Oregon District Court is empowered to make this determination pursuant to a bright-line rule that the court presiding over the first-filed action decides the proper forum for the case. In addition, even if the Court were to decline to adopt this bright-line rule, there are no considerations that warrant not staying this action in deference to the Oregon District Court's determination on which of the two actions should proceed.

### I. As the Court Presiding Over the First-Filed Action, the Oregon District Court Has the Right to Determine the Appropriate Forum to Adjudicate This Case

As noted by the Court in its Order, the first-filed rule is different from the rule for determining which court decides the forum where the case will be heard. Dkt. #40, at 1-2. Under the first-filed rule, "where two actions involve substantially the same issues, 'the first suit should have priority, absent the showing of a balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second.'" *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (citing *William Gluckin & Co. v. Int'l Playtex Corp.,* 407 F.2d 177, 178 (2d Cir. 1969)). Thus, where a court is considering abstaining from hearing an action in deference to a first-filed action, the court may consider whether special circumstances militate against abstention.

Where multiple courts preside over actions that concern substantially similar issues, a different rule governs the question of which court is empowered to decide the appropriate forum for the case. The prevailing view in this District is a bright-line rule that dictates that the court with the first-filed action has the right to decide which forum will hear the case. *MSK Ins., Ltd. v. Emps. Reinsurance Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002) ("This District has laid down a bright-line rule for situations such as this: The court before which the first-filed action was brought determines which forum will hear the case." (collecting cases) (footnotes omitted)). Critically, this bright-line rule "does not provide for any special exceptions. It is a straight-forward rule to be applied in a rote manner." *Pem Am., Inc. v. Lambert,* No. 03-CV-3706 (JFK), 2003 WL 22383369, at *2 (S.D.N.Y. Oct. 17, 2003). This rule is intentionally inflexible, as it is designed to avoid a situation where two courts, both deciding which forum the case should be adjudicated in, reach conflicting conclusions. *Id.*; *MSK*, 212 F. Supp. 2d at 268 n.5 (the rule "serves both the federal judiciary and the litigants before it, because it provides a bright-line division of labor among the federal courts, thereby avoiding duplicitous litigation and the possibility of inconsistent rulings . . .."); *Congregation Shearith Israel v. Congregation Jeshuat Israel*, 983 F. Supp. 2d 420, 423 (S.D.N.Y. 2014).

The Honorable Ronnie Abrams
September 17, 2025
Page 3

As noted above, MMA does not contest that the Oregon Proceeding is the first-filed action. Accordingly, pursuant to this District's prevailing bright-line rule, the Court should stay this action pending the Oregon District Court's determination of which forum should hear this case.

### II. Even if the Court Declines to Adopt the Prevailing Bright-Line Rule, There Are No Considerations That Warrant Not Staying This Action

Regardless of the bright-line rule, there is still a general principle that "the court with the first-filed action determines which forum will hear the case." *7thonline, Inc. v. Colony Brands, Inc.,* No. 25-CV-2418 (GHW), 2025 WL 2172514, at *3 (S.D.N.Y. July 31, 2025). Here, there are no considerations that warrant departure from that general principle.

As an initial matter, the Oregon District Court is *already considering* whether this case should be heard in Oregon or New York. On August 22, 2025, MMA filed a motion to dismiss or transfer venue in response to Oldenburg's complaint. Oregon Proceeding, Dkt. #7. Therein, MMA argues that the Oregon Proceeding should be dismissed pursuant to New York forum selection clauses in the Restrictive Covenant Agreements (*id*. at 6-7) or transferred to New York pursuant to 28 U.S.C. § 1404. *Id*. at 7-10. In its argument for venue transfer, MMA cites the forum selection clauses, contends New York has at least as strong an interest as Oregon in adjudicating the parties' dispute, and notes that MMA initiated this action in New York. *Id.* On September 5, 2025, Oldenburg filed his response to MMA's motion. Oregon Proceeding, Dkt. #12. Therein, Oldenburg argues that the forum selection clauses are legally invalid under Oregon law (*id.* at 7-12) and that both public and private interest factors favor keeping the Oregon Proceeding in Oregon. *Id.* at 13-16.

In sum, the issue of whether the parties' dispute is best adjudicated in Oregon or New York has already been presented to and is already under consideration by the Oregon District Court. Asking this Court to conduct a first-filed rule analysis would only "run the risk of inconsistent rulings and duplicating judicial resources." *7thonline,* 2025 WL 2172514, at *4. MMA itself admits that proceeding with both this action and the Oregon Proceeding would lead to duplicative judicial efforts and risk inconsistent judgments. *See* Oregon Proceeding, Dkt. #7, at 9.

Next, there is nothing unfair or arbitrary about deferring to the Oregon District Court on the question of where this case should proceed. Indeed, Oregon is the state with the *closest* connection to the parties' dispute: all the Individual Defendants are residents of Oregon, and all the events concerning this action occurred in Oregon, including the Individual Defendants' alleged breaches of their restrictive covenants with MMA. Dkt. #25, at 1 & 7; Oregon Proceeding, Dkt. #12, at 13.

The Honorable Ronnie Abrams
September 17, 2025
Page 4

Lastly, the Oregon District Court's natural familiarity with the laws of Oregon supports a stay in this action. One of the essential legal questions in the dispute is whether Oregon law invalidates the Restrictive Covenant Agreements, notwithstanding their New York governing law provisions, because the Agreements concern services rendered in Oregon by a resident of Oregon. Oregon Proceeding, Dkt. #12, at 8-12 (citing Or. Rev. Stat. § 15.320). The validity of the New York forum selection clauses in the Restrictive Covenant Agreements is contingent on the outcome of this legal question. *Id.* Thus, this legal question regarding Oregon law is material to the determination of which forum this case should proceed in. Respectfully, because it sits in the forum state of the law in question, the Oregon District Court is best situated to address this specific legal question. *See NBA Props., Inc. v. Salvino, Inc.*, No. 99-CV-11799 (AGS), 2000 WL 323257, at *9 (S.D.N.Y. Mar. 27, 2000).

Respectfully,

/s/ Timothy J. Stephens

cc: All counsel of record (via ECF)