UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARSH & McLENNAN AGENCY LLC,

                Plaintiff,

v.

ALLIANT INSURANCE SERVICES, INC.,
ANDREW OLDENBURG, ELIZABETH
McKINNEY, KIMBERLY MOORE, and
DANIELLE BLACK,

                Defendants.

No. 25-CV-6936 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

On August 21, 2025, Plaintiff Marsh & McLennan Agency LLC ("MMA") filed this action against Defendants Alliant Insurance Services, Inc. ("Alliant") and Individual Defendants Andrew Oldenburg, Elizabeth McKinney, Kimberly Moore, and Danielle Black, primarily asserting that the Individual Defendants improperly solicited MMA's clients in violation of non-solicitation agreements that they had signed with Plaintiff. Soon after, on August 29, 2025, Plaintiff filed an Application for an Order to Show Cause for a Temporary Restraining Order, a Preliminary Injunction, and Expedited Discovery (the "Application"), seeking to enjoin Defendants from soliciting Plaintiff's clients and interfering with their business. *See* Dkt. No. 16. Defendants opposed, urging the Court to abstain from deciding the Application under the "first-filed rule" of this circuit, because this action is the second filed of two federal suits that concern substantially similar subject matter. Dkt. No. 25 at 2, 9–10.

By order dated September 15, 2025, Dkt. No. 40, the Court agreed that a first-filed analysis is warranted and ordered the parties to submit letters as to whether this Court, or the Oregon court where the first action was filed, should conduct that analysis in the first instance. The Court

concludes that the Oregon court, as the first-filed court, should decide the issue. Accordingly, this action is stayed pending the Oregon court's ruling on the motion to dismiss or transfer venue pending before it, or until it otherwise reaches decision on the application of the first-filed rule here.

## BACKGROUND

This action arises from a dispute between two businesses and "direct competitors" that provide insurance brokerage, risk management, and employee benefit support services to their clients. Dkt. No. 1 ("Compl.") ¶¶ 16, 21. In 2021— after MMA acquired PayneWest Insurance, Inc. ("PayneWest"), the company where Oldenburg, McKinney, Moore, and Black worked—the Individual Defendants each joined MMA's office in Beaverton, Oregon. *Id.* ¶ 11, 31–32. As a part-owner and Sales Executive of PayneWest, Oldenburg had agreed to certain restrictive covenants in exchange for MMA's purchase of his equity in the firm. *Id.* Similarly, McKinney, Moore, and Black—Oldenburg's "client service team"—had signed agreements that contained non-solicitation and confidentially provisions in exchange for bonuses and continued employment. *Id.* ¶ 11.

On July 14 and 15, 2025, and without warning, the Individual Defendants resigned from their jobs at MMA and joined Alliant. *Id.* ¶¶ 1–2. In the days and weeks following their departure, a number of MMA's clients, with whom the Individual Defendants had worked, transferred their business to Alliant as well. *Id.* ¶ 3. Plaintiff alleges that these "client defections" were the result of Oldenburg's "solicitation campaign," which began after he accepted employment with Alliant but while he was still embedded in MMA, and continued after he resigned, in violation of his restrictive covenants. *Id.* ¶¶ 3, 5, 14. Plaintiff further asserts that McKinney, Moore, and Black also violated the non-solicitation and confidentiality agreements they had signed with MMA. *Id.* ¶¶ 25, 50–54, 112.

MMA asserts that the steps taken here by Defendants—the Individual Defendants' sudden resignations closely followed by their clients transferring business to Alliant—are part and parcel of Alliant's unlawful "playbook" to "grow[] its business by weaponizing competitors' employees to capture competitors' client relationships." *Id.* ¶¶ 63, 65. Its "inherently unlawful growth model," Plaintiff says, has spawned more than seventy lawsuits against Alliant. *Id.* ¶ 65; *see also id.* ¶¶ 70–71 (citing cases). Notably, Judge Vyskocil issued a temporary restraining order and preliminary injunction enjoining Alliant's conduct in a separate action involving similar alleged conduct earlier this year. *See Marsh & McLennan Agency LLC v. Alliant Ins. Servs., Inc.*, No. 24-CV-9914 (MKV), 2025 WL 304500 (S.D.N.Y. Jan. 27, 2025).

The same day that Oldenburg resigned on July 14, 2025, he filed an action in Oregon state court, seeking a declaratory judgment that his restrictive covenants constitute unenforceable restrictions on competition. *See Oldenburg v. Marsh & McLennan Agency LLC*, No. 25-CV-40606 (Or. Cir. Ct. Multnomah Cnty. July 14, 2025). On August 15, 2025, MMA removed the action to Oregon district court and subsequently filed a motion to dismiss or transfer venue to this district, relying on forum selection clauses in Oldenburg's agreements with MMA. *See Oldenburg v. Marsh & McLennan Agency LLC*, No. 25-CV-1459 (D. Or. 2025), Dkt. Nos. 1, 7. Oldenburg opposed, primarily arguing that these clauses are unenforceable. *See id.*, Dkt. No. 12. The motion to dismiss or transfer venue is pending before the Oregon district court.

As that litigation was ongoing, on August 21, 2025, MMA commenced the instant suit against Defendants here. Dkt. No. 1. Approximately one week later, on the evening of Friday, August 29, 2025, MMA filed the Application against Defendants, seeking a temporary restraining order, a preliminary injunction, and expedited discovery. Dkt. No. 16. The Court granted both parties an opportunity to submit additional briefing and set a hearing date to follow the submission

3

of such briefing, consistent with the parties' joint request. Dkt. Nos. 22, 33.

In their opposition briefing, Defendants argued that—in light of the commencement of the Oregon action in July 2025—this Court should "abstain[]" from ruling on the Application due to the "first-filed rule" applied in this circuit. Dkt. No. 25, at 10. Plaintiff disagreed, urging the Court to find that special circumstances warrant giving this case priority—namely, that the Oregon suit constituted an improper anticipatory filing and was motivated by forum shopping, two well-recognized exceptions to the first-filed rule. Dkt. No. 39, at 5–6. Plaintiff invokes the forum selection clauses contained in Oldenburg's agreements as evidence that such exceptions apply. *Id.* at 5.

On September 15, 2025, the Court issued an order noting that there is an antecedent question it must first answer: which court should analyze the application of the first-filed rule? Accordingly, the Court ordered the parties to submit supplemental letters setting forth their arguments on the issue. *See* Dkt. No. 40. In their letters, *see* Dkt. Nos. 41–44, Defendants and Plaintiff took opposing positions, with Plaintiff arguing that deference to the Oregon court is not warranted due the existence of special circumstances, the forum selection clauses, and the pending emergency application. This opinion resolves the threshold question in favor of Defendants.

## LEGAL STANDARD

It is well-established in this circuit that, "[a]s a general rule, where there are two competing lawsuits, the first suit should have priority." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008).[1] "This rule embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum." *Id.* at 275; *accord Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237,

---

[1] Unless otherwise indicated, case quotations omit all citations, internal quotation marks, and footnotes, and adopt omissions and alterations.

1239 (9th Cir. 2015) ("The first-to-file rule is intended to serve the purpose of promoting efficiency well[,] and should not be disregarded lightly."). This rule "does not require that the parties or claims in the competing suits be identical; instead, it applies so long as there are . . . substantially similar parties and claims between the two suits." *Joao v. Epic Sys. Corp.*, No. 25 Civ. 857 (JMF), 2025 WL 1518982, at *1 (S.D.N.Y. May 28, 2025); *see also Walsh v. Nelnet Servicing, LLC*, No. 24 Civ. 4325 (DEH), 2025 WL 2022631, at *3 (S.D.N.Y. July 18, 2025) (applying the first-filed rule despite distinctions between putative classes because "the first-filed rule does not require identical plaintiffs; it only requires that the plaintiffs be substantially similar").

The Second Circuit has "recognized only two exceptions" to this rule: first, when analysis of the "balance of convenience favors the second-filed action," and, second, when "special circumstances warrant giving priority to the second suit." *Emps. Ins. of Wausau*, 522 F.3d at 275. "Special circumstances include manipulative or deceptive behavior on the part of the first-filing plaintiff." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Such circumstances exist "where the first-filed lawsuit is an improper anticipatory declaratory judgment action . . . filed in response to a direct threat of litigation," *Emps. Ins. of Wausau*, 522 F.3d at 275–76, and "where forum shopping alone motivated the choice of the situs for the first suit," *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969).

Even where a preliminary injunction or temporary restraining order is pending, courts in this circuit have assessed whether their jurisdiction is proper under the first-filed rule as a threshold matter. *See, e.g., Iconic IP Holdings, L.L.C. V. Gerrit's Brands, Inc.*, No. 21-CV-1068 (AMD) (ST), 2021 WL 7543607 (E.D.N.Y. May 21, 2021) (transferring case to Eastern District of Michigan, where first-filed action was pending, despite pending motion for order to show cause for temporary restraining order in Eastern District of New York and dispute over whether

Michigan court lacked jurisdiction over action); *cf. AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) (analyzing the first filed rule, concluding that an exception applies, and thus "exercis[ing] jurisdiction over Plaintiffs' motion for injunctive relief").

When the first-filed rule applies, the first-filed court is empowered to "enjoin the suitor in the more recently commenced case from taking any further action in the prosecution of that case." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 723 (2d Cir. 2010). "Even in the absence of such an injunction, however, the second court may be bound to stay its consideration of an action in deference to the first-filed proceedings." *Id.* And while determination of "whether or not to stay or dismiss a proceeding rests within a district judge's discretion, normally sound judicial discretion dictates that the second court decline its consideration of the action before it until the prior action before the first court is terminated." *Id.*; *see also 7thonline, Inc. v. Colony Brands, Inc.*, No. 25-CV-2418 (GHW), 2025 WL 2172514, at *3 (S.D.N.Y. July 31, 2025) (explaining that the district court may "stay, dismiss, or transfer a proceeding"— "whichever action it deems proper to avoid duplication of judicial effort, avoid vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication"). Indeed, the circuit has explained that "a district court can go beyond the allowable bounds of discretion when it refuses to stay or dismiss a duplicative suit." *AEP Energy Servs.*, 626 F.3d at 723. The "rationale" underlying this doctrine is to "avoid[] duplicative litigation" and "inconsistent judgments merits." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113 (2d Cir. 2010) (allowing second-filed action to proceed where two actions were "not coextensive" and it was "unlikely that inconsistent judgments on the merits would result").

But before analyzing the first-filed rule and its exceptions, "there is an antecedent question:

6

*which court* should decide where the case should proceed?" *Berkley Assurance Co. v. MacDonald-Miller Facility Sols., Inc.*, No. 19-CV-7627 (JPO), 2019 WL 6841419, at *3 (S.D.N.Y. Dec. 16, 2019). Although the Second Circuit has indicated that it is not "mandatory," the general practice in this district is that "the court with the first-filed action determines which forum will hear the case." *7thonline, Inc.*, 2025 WL 2172514, at *3 (citing *N.Y. Marine*, 599 F.3d at 112). Indeed, several courts in this district have described this practice as "a bright-line rule," to be applied without exception. *MSK Ins., Ltd. v. Emps. Reinsurance Corp.*, 212 F. Supp. 2d 266, 267–68 (S.D.N.Y. 2002) (staying action pending out-of-district court's determination of which action should proceed); *see also Congregation Shearith Israel v. Congregation Jeshuat Israel*, 983 F. Supp. 2d 420, 422–23 (S.D.N.Y. 2014) (dismissing case where court presiding over first-filed action had "made the threshold determination that it [would] decide the question of the appropriate forum" and decided to hear the case); *Berkley Assurance Co.*, 2019 WL 6841419, at *3; *Tropic Techs., Inc. v. Vendr, Inc.*, No. 22-CV-6043 (LJL), 2023 WL 2535215, at *6 (S.D.N.Y. Mar. 15, 2023); *Pem Am., Inc. v. Lambert*, No. 03 Civ. 3706 (JFK), 2003 WL 22383369, at *2 (S.D.N.Y. Oct. 17, 2003). "A different principle would generate the very confusion and duplication of judicial resources that the first-filed rule is designed to avoid." *Tropic Techs.*, 2023 WL 2535215, at *6.

## DISCUSSION

The Court finds that a stay of this action is warranted pending the Oregon court's ruling on the motion to dismiss or transfer venue pending in that action, or until it otherwise reaches decision on the application of the first-filed rule here. A stay is appropriate for two reasons.

First, deferring to the Oregon court to make a preliminary determination as to the appropriate forum is consistent with this district's general practice of deferring such questions to the first-filed court. There is no dispute that a first-filed analysis is warranted to resolve this issue,

or that the case at bar is the second-filed of the two competing actions.[2] In such circumstances, "courts in this district generally default to allowing the judge presiding over the first-filed case to determine whether an exception to the first-filed rule applies." *7thonline*, 2025 WL 2172514 at *3. Irrespective of whether this practice is a "bright-line rule," *Tropic Techs.*, 2023 WL 2535215, at *6, or a discretionary one, *7thonline, Inc.*, 2025 WL 2172514, at *3, the Court finds this approach to be appropriate here.

Second, it is especially prudent to abide by this general rule in circumstances such as these, where there is a risk of inconsistent decisions and the duplication of judicial resources in the absence of a stay. The parties agree that the two actions concern substantially the same subject matter: primarily, the enforceability of the restrictive covenants. Furthermore, briefing before both this Court and the Oregon court address the enforceability of forum-selection clauses contained in the Individual Defendants' agreements with MMA. In these circumstances, proceeding to analyze the first-filed rule, while the Oregon court does the same, could result in inconsistent decisions and "generate the very confusion and duplication of judicial resources that the first-filed rule is designed to avoid." *Tropic Techs.*, 2023 WL 2535215, at *6; *see also Pem Am.*, 2003 WL 22383369, at *2–*3 (staying action where it was "not beyond the realm of possibility that each court could issue simultaneous rulings that would conflict with one another"). This risk counsels in favor of permitting the Oregon court to decide the application of the first-filed rule, or until it rules on the motion to dismiss or transfer venue pending before it. *See 7thonline*, 2025 WL 2172514 at *4 (staying action because "the Court would run the risk of inconsistent rulings and

---

[2] While Plaintiff argues that the "Oregon case offers no path to the relief MMA needs," because "[i]t is Oldenburg's declaratory action alone," Dkt. No. 44, at 4, it does not contest that the two actions are competing. And for good reason, as it is well-settled that the parties need not be identical for the first-filed rule to apply. *See Tropic Techs.*, 2023 WL 2535215, at *7 ("The second-filed lawsuit need not be a precise copycat of the first-filed lawsuit for the first-filed doctrine to apply."). Furthermore, should the Oregon court determine Oregon to be the appropriate forum for both actions to proceed, this action may be transferred to that district and, if appropriate, consolidated with the first-filed action.

duplicating judicial resources if it were to analyze whether an exception to the first-filed rule applies in this case").

The Court is cognizant of the time-sensitive nature of the pending Application. Indeed, it is troubled by the serious allegations Plaintiff has leveled against Defendants, and it shares Plaintiff's concern about the purported risk of irreparable injury. But Plaintiff has not identified, nor is this Court aware of, any case that suggests that a temporary restraining order obviates the need for the first-filed analysis. To the contrary, other courts in this circuit have evaluated the application of the first-filed rule as a threshold matter even when an emergency motion was pending. *See, e.g.*, *Iconic IP Holdings*, 2021 WL 7543607. The Court, moreover, has no doubt that the Oregon court can move swiftly to resolve the preliminary matter of the application of the first-filed rule, or the motion to dismiss or transfer venue pending there. Indeed, that motion is due to be fully briefed as of September 19, 2025, *see* Dkt. No. 44, at 3, the same timeline the parties proposed for the order to show cause hearing in this Court, *see* Dkt. No. 33. To the extent Plaintiff remains concerned about irreparable harm due to the passage of time, it may advise the Oregon court of its concerns.

Finally, much of Plaintiff's supplemental letters argue that the first-filed rule should not apply in light of the mandatory forum selection clauses in the Individual Defendants' agreements with MMA, and that, if the rule does apply, special circumstances warrant the application of an exception to it. *See* Dkt. Nos. 42, 44. It is true that a valid forum-selection clause may be grounds to depart from deference to the first-filed court, but this does not obviate the need for a court to conduct the first-filed analysis, as Plaintiff suggests. *See Berkley Assurance Co.*, 2019 WL 6841419, at *3, *6 (explaining that it must, as the first-filed court, decide "where the case should proceed," and holding that, in light of valid-forum selection clause, "the balance of the § 1404(a)

factors favor[ed] the first-filed forum"). Nor does the existence of special circumstances, which may indeed merit deference to the second-filed court, justify disregarding the antecedent question of which court should make that determination. The Oregon court, furthermore, is equally well-equipped to assess the validity of the forum-selection clauses and any exceptions that exist to the first-filed rule.

## CONCLUSION

For the foregoing reasons, this action is stayed pending the Oregon court's ruling on the motion to dismiss or transfer venue pending in that action, or until it otherwise reaches decision on the application of the first-filed rule. The parties are directed to submit a letter updating the Court as to the status of the Oregon action promptly after any pertinent rulings or developments in the case. The hearing scheduled for September 19, 2025 is hereby adjourned *sine die*. The Clerk of Court is respectfully directed to stay this action. If the Oregon court determines that the action in the Southern District of New York should proceed here, this Court intends to handle it expeditiously.

SO ORDERED.

Dated:   September 18, 2025
         New York, New York

                                          Ronnie Abrams
                                          United States District Judge