USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/16/2025_____

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK** ................

Marsh & McLennan Agency, LLC

_____
   Plaintiff(s),

      -against-

Alliant Insurance Services, Inc.,
Andrew Oldenburg, Elizabeth
McKinney, Kimberly Moore, and
Danielle Black,

Defendant(s).

_____

25-CIV. NO. 06936

**Case Management Plan and Scheduling Order**

The parties submit this Case Management Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f):

**1.      Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on December 11, 2025 via Zoom.

**2.      Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff(s):

MMA's claims arise from the actions of four former MMA employees (Defendants Andrew Oldenburg, Elizabeth McKinney, Kimberly Moore, and Danielle Black (together, the "Individual Defendants"), engineered by Defendant Alliant Insurance Services, Inc. ("Alliant," and with the Individual Defendants, "Defendants") to transfer the book-of-business that Oldenburg managed for MMA from MMA to Alliant. MMA alleges that Alliant targeted Oldenburg, a producer at MMA and a former PayneWest Insurance, Inc. ("PayneWest") shareholder who had sold his PayneWest ownership interest, goodwill, and client relationships to MMA, for the purpose of inducing him to transfer his MMA book-of-business to MMA. MMA alleges that to that end, Oldenburg solicited his MMA clients and client service team (the other Individual Defendants) to move with him to Alliant, and that the Individual Defendants are now servicing, at Alliant, the accounts of the MMA clients that Defendants have wrongfully diverted. MMA alleges that through these actions, the Individual Defendants breached their restrictive covenant agreements with MMA; specifically, the Acknowledgment and Restrictive Covenant Agreement that Oldenburg executed as part of MMA's acquisition of PayneWest, and the Non-Solicitation and Confidentiality Agreements each Individual Defendant executed as a condition of employment with MMA. MMA further alleges that Alliant knowingly orchestrated and benefited from these breaches to capture the MMA client relationships Oldenburg managed, and that Alliant and Oldenburg also interfered with MMA's contractual and business relationships.

MMA asserts claims for breach of contract (against Oldenburg under the RCA and NSA, and against the other Individual Defendants under their NSAs), breach of the duty

of loyalty (against Oldenburg), aiding and abetting breach of fiduciary duty (against Alliant), and tortious interference with contract and business relations (against Alliant and Oldenburg). MMA seeks injunctive relief enforcing the restrictive covenants, damages for the loss of client relationships and goodwill, and attorneys' fees where provided by contract.

The Court has already granted a preliminary injunction in part, holding that the restrictive covenants in the NSAs and portions of the RCA are enforceable under New York law; that MMA is likely to succeed on the merits of its contract claims against Oldenburg and McKinney; and that MMA is likely to succeed on its tortious-interference-with-contract claim against Alliant.

<u>Defendant(s)</u>:

This case turns, in large part, on whether the Individual Defendants—four former employees of MMA—breached enforceable restrictive covenants found in Non-Solicitation and Confidentiality Agreements signed by the Individual Defendants (together, the "MMA Employment Agreements") and an additional Restrictive Covenant Agreement sign by Oldenburg (the "Restrictive Covenant Agreement"). Defendants disagree with MMA's characterization of events and deny the allegations. The Individual Defendants asserted affirmative defenses to all claims in their Answer filed on October 14, 2025.  Doc. 52.

**3.    Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  MMA is incorporated in Delaware and has its principal place of business in New York.  Complaint (Doc. 1) at ¶ 16.  Alliant is incorporated and has its principal place of business in California.  *Id*. ¶ 21.  The Individual Defendants are all citizens of Oregon.  *Id*. at ¶¶ 17-20.  The alleged amount in controversy exceeds $75,000.  *Id*. ¶ 22.

**4.    Subjects on Which Discovery May Be Needed:**

Plaintiff(s):

1.    Alliant's recruitment of the Individual Defendants, including Alliant's purpose and expectations in recruiting Oldenburg and any discussions, analyses, or financial modeling relating to the anticipated transfer of his MMA book of business.

2.    Alliant's knowledge of the Individual Defendants' restrictive covenant obligations and any steps Alliant took to direct, influence, or facilitate the Individual Defendants' compliance with or avoidance of those restrictions, including any onboarding practices or procedures relevant to those obligations.

3.    Oldenburg's solicitation of MMA personnel (McKinney, Moore, and Black) to leave MMA and join him at Alliant.

4.    The Individual Defendants' resignations from MMA, including Alliant's role in planning, coordinating, or influencing the timing of their departures.

5.    The Oregon declaratory-judgment action filed by Oldenburg, including Alliant's role in funding, directing, or coordinating that action.

6.    Oldenburg's solicitation of MMA clients to transfer their business from MMA to Alliant.

7.    The transfer, onboarding, and servicing of MMA client accounts at Alliant.

8.    Defendants' access to, handling of, retention of, or use of MMA confidential, proprietary, or trade-secret information.

9.    MMA's efforts, following the Individual Defendants' departures, to retain the clients who ultimately moved their business from MMA to Alliant.

10.    Damages, including lost revenue, lost goodwill, and internal costs resulting from Defendants' conduct.

Defendant(s):

1.    MMA's acquisition of PayneWest Insurance Inc.

2.    The Individual Defendants' employment roles and responsibilities at MMA.

3.    The Individual Defendants' agreements attached to the Complaint and the presentation, negotiation and execution of those agreements.

4.    MMA's communications with customers, insurance carriers, and other third parties regarding the departures of the Individual Defendants or the subject matter(s) of this dispute.

5.   MMA's communications regarding the potential or actual departures of the Individual Defendants.

6.   MMA's actions in response to the Individual Defendants' departure from MMA, including actions taken with respect to alerting customers and MMA employees and reassigning account responsibilities.

7.   The identity of the entities that MMA considers as "Restricted Clients," as defined in Individual Defendants' agreements with MMA.

8.   MMA's revenue, income, expenses, profits, commissions, costs, budgets, and losses related to each Restricted Client.

9.   MMA's knowledge or information concerning any breach by the Individual Defendants of their respective agreements.

10.  MMA's efforts to retain, recapture, or obtain the business of any Restricted Client following the respective departures of the Individual Defendants.

11.  MMA's damages from the actions of the Individual Defendants alleged in the Complaint.

**5.   Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than:

**a.**   Plaintiff has disclosed the information required by Fed. R. Civ. P. 26(a)(1).

**b.**   Defendants have disclosed the information required by Fed. R. Civ. P. 26(a)(1).

**6.   Amended Pleadings:**

**a.**   No additional parties may be joined after January 2, 2026. Any motion to join after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

**b.**   No amended pleadings may be filed after January 2, 2026. Any motion to amend after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

**7.   Discovery Plan:**

**a.**   All fact discovery shall be completed by May 22, 2026.

**b.**   Initial requests for production were/shall be served by January 20, 2026. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

**c.**   Initial interrogatories were/shall be served by January 20, 2026.
Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

**d.**    Requests to admit shall be served by March 20, 2026.

**e.**    Depositions shall be completed by May 22, 2026. Remote depositions may be available as an option.

**f.**    The parties propose the following limits on discovery: None.

**g.**    Except as otherwise modified in 7(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

**h.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery: None at this time.

8.    **Expert Discovery (if applicable):**

**a.**    The parties do anticipate using testifying experts.

**b.**    Anticipated areas of expertise: Damages.

**c.**    Expert discovery shall be completed by July 22, 2026.

**d.**    No less than <u>30 days before the end of fact discovery</u>, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

**e.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

9.    **Electronic Discovery and Preservation of Documents and Information:**

**a.**    The parties have not discussed electronic discovery.

**b.**    If applicable, the parties shall have a protocol for electronic discovery in place by February 20, 2026.

**c.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery: None at this time.

10.    **Anticipated Motions** (other than summary judgment, if any): None

11.    **Summary Judgment Motions:**

No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

12.    **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

13.    **Trial:**

a.    All parties do not consent to a trial before a Magistrate Judge at this time.

b.    The case is to be tried to a jury.

c.    The parties anticipate that the trial of this case will require 5 days.

14.    **Early Settlement or Resolution:**

a.    Settlement discussions have not taken place.

b.    The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

None.

c.    The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate

Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

None.

**d.**    The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

**Not applicable.**

**e.**    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**15.    Other Matters the Parties Wish to Address (if any): None.**

**16.**  The Court will fill in the following:

☐ The parties shall submit a joint status letter by **March 16, 2026** no longer than 3 single-spaced pages.

Respectfully submitted this 12th day of December, 2025:

/s/ *David W. Garland*
  David W. Garland
A. Millie Warner
Epstein Becker & Green, P.C.

*Attorneys for Plaintiff Marsh & McLennan Agency LLC*

Timothy J. Stephens
Karen Pieslak Pohlmann
Cassidy Duckett Britt
Peter M. Fay
Morgan, Lewis & Bockius, LLP

*Attorneys for Defendants Alliant Insurance Services, Inc., Andrew Oldenburg, Elizabeth McKinney, Kimberly Moore, and Danielle Black*

Dated: December 16, 2025
      New York, New York

SO ORDERED.

HENRY J. RICARDO
United States Magistrate Judge