

EPSTEIN
BECKER
GREEN

Attorneys at Law

David W. Garland
t  212.351.4708
f  212.878.8600
DGarland@ebglaw.com

September 9, 2025

<u>VIA ECF</u>

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Marsh & McLennan Agency LLC v. Alliant Insurance Services, Inc., Andrew Oldenburg, Elizabeth McKinney, Kimberly Moore, and Danielle Black*, Case No. 25-cv-06936

Dear Judge Abrams:

We represent Plaintiff Marsh & McLennan Agency LLC ("MMA") in the above-captioned matter. Pursuant to Section 5.A.i of Your Honor's Individual Rules and the Southern District's ECF Privacy Policy, MMA respectfully submits this letter motion for leave to file under seal certain portions of the Reply Declaration of Mark Theriault (the "Theriault Reply Declaration") and Exhibit A thereto, with limited redactions.

Exhibit A sets out the ownership interests, number of shares, and percentage ownership of each of PayneWest Insurance, Inc.'s ("PayneWest") individual shareholders as of MMA's acquisition of PayneWest. The Theriault Reply Declaration discloses the dollar amount that Defendant Oldenburg received for the sale of his ownership interest. Together, this information would allow anyone to calculate the exact amount received by each PayneWest shareholder for the sale of his or her interest. That is quintessential individual financial information, which must be treated with "caution" per Rule 5.A.i of Your Honor's Individual Rules. In addition, other than Defendant Oldenburg, none of the shareholders listed on Exhibit A is a party to this action. This District recognizes that the privacy interests of innocent third parties outweigh the presumption of access where documents contain sensitive financial information. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("[f]inancial records of a wholly owned business" and "similar matters will weigh more heavily against access"); *McKoy v. Trump Corp.*, 2024 WL 3290160, at *2 (S.D.N.Y. July 2, 2024) ("another consideration that may override the presumption of public access is preserving the privacy of sensitive personal information, including compensation information) (citing *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y.

Hon. Ronnie Abrams
September 9, 2025
Page 2

2015)); *Edwards v. Khalil*, 2016 WL 1312149, at *1 (S.D.N.Y. Mar. 31, 2016) (sealing "sensitive and personal information about innocent third parties"); *Eckhart v. Fox News Network, LLC*, 2024 WL 4931857, at *3 (S.D.N.Y. Dec. 2, 2024) (granting sealing of names and other identifying information of third-party employees where their identities were not particularly relevant to the merits).

In addition, disclosure of Defendant Oldenburg's payout, combined with the ownership table in Exhibit A, would also permit calculation of the overall purchase price of PayneWest—a competitively sensitive business figure that has never been made public.

The proposed redactions are narrowly tailored: MMA seeks only to redact the names of the individual shareholders and their ownership interests, and the dollar amount of Defendant Oldenburg's payout for his shares, leaving the remainder of the Theriault Reply Declaration and Exhibit A available for public review.

For these reasons, MMA respectfully requests leave to file the Theriault Reply Declaration and Exhibit A thereto publicly with the limited redactions described above.

We appreciate the Court's consideration of this request.

Respectfully submitted,

*/s/ David W. Garland*
David W. Garland

cc: All counsel of record (via ECF)

The motion is granted.

"Courts in this Circuit routinely permit parties to redact sensitive financial information" to "protect" the "personally identifying information of "non-parties." *Popovchak v. UnitedHealth Grp., Inc.*, 2025 WL 1312879, at *4 (S.D.N.Y. May 6, 2025) (citing *Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019)). The proposed redactions to Exhibit A, which are not material to the case and involve non-party financial information, are acceptable.

Furthermore, the proposed limited redaction to the Theriault Reply Declaration is also acceptable. It is narrow and relates solely to the value of Payne West and the amount of compensation paid to Oldenburg, neither of which was at issue in Plaintiff's motion.

The Clerk of Court is respectfully directed to close the motion pending at Docket Number 36.

SO ORDERED.

Hon. Ronnie Abrams
May 21, 2026